UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a FANNIE MAE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | NO. _____ |
| | ) | |
| CHICAGO TITLE INSURANCE COMPANY, | ) ) | **1 : 11 -cv- 0 7 6 8 JMS** |
| Defendant. | ) ) ) | DKL |

**COMPLAINT FOR BREACH OF CONTRACT
AND BREACH OF DUTY TO DEAL IN GOOD FAITH**

Plaintiff, Federal National Mortgage Association ("Fannie Mae"), by counsel, for its Complaint for Breach of Contract and Breach of Duty to Deal in Good Faith, alleges and states as follows:

**INTRODUCTION**

1.     This dispute concerns a Title Insurance Policy insuring a Mortgage held on certain real estate located in Johnson County, Indiana, more particularly described in **Exhibit A** attached hereto, and commonly known as 745 Wooddale Terrace, Greenwood, Indiana (the "Real Estate").

2.     Fannie Mae is the current holder of a Note and Mortgage held against the Real Estate.

3.     Specifically, Chicago Title Insurance Company ("Chicago Title") issued a policy wherein it contracted to defend and indemnify Fannie Mae against any third party claims adverse to Fannie Mae's Title and Mortgage on the Real Estate.

4.      Despite proper notice and repeated requests, Chicago Title failed to defend and indemnify Fannie Mae against adverse claims by Wilson Group, Inc. ("Wilson Group"), which purports to hold a mechanic's lien on the Real Estate.

5.      In doing so, Chicago Title breached its contract with Fannie Mae and breached its duty to deal in good faith.

### PARTIES AND JURISDICTION

6.      Fannie Mae is a corporation operating under the Federal National Mortgage Association Charter Act, 12 U.S.C. § 1723a, and has its principal place of business in Washington, D.C.

7.      Chicago Title is a Nebraska corporation, which has its principal place of business in Chicago, Illinois, and conducts business at various locations throughout the State of Indiana.

8.      The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9.      This action is a matter between citizens of different States.

10.     This Court has original jurisdiction over Fannie Mae's claims against Chicago Title pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

11.     Pursuant to 28 U.S.C. § 1391(a), venue of this action is proper in the United States District Court for the Southern District of Indiana, Indianapolis Division.

### FACTS COMMON TO ALL CLAIMS

**A.      Background**

12.     Unbeknownst to Fannie Mae, on July 17, 2007, Wilson Group provided NWJ Indy Investment Fund IV, LLC ("NWJ Indy") with an invoice in the amount of $509,758.00 for work allegedly performed.

13.     On November 8, 2007, Wilson Group filed a mechanic's lien, recorded on November 9, 2007, as Instrument No. 2007-027108 (the "Mechanic's Lien"), in the amount of $515,419.00 against the Real Estate for the unpaid services allegedly performed.

14.     On April 14, 2008, NWJ Indy executed and delivered to Arbor Commercial Funding, LLC ("Arbor"), a Multifamily Note in the original principal amount of $7,280,000.00 (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit B**.

15.     To secure its obligations under the Note, NWJ Indy executed and delivered to Arbor a Multifamily Mortgage, Assignment of Rents and Security Agreement (the "Mortgage"), dated as of April 14, 2008.  A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

16.     On April 14, 2008, Arbor assigned the Note and Mortgage to Fannie Mae by an Allonge, a true and correct copy of which is attached to the Note (Exhibit B), and an Assignment of Security Instrument (Multifamily Mortgage, Assignment of Rents and Security Agreement) (the "Assignment").  A true and correct copy of the Assignment is attached hereto as **Exhibit D**.

17.     The Mortgage and Assignment were recorded in the Office of the Recorder of Johnson County on April 23, 2008, as Instrument Nos. 2009-009029 and 2008-009030, respectively.

18.     Fannie Mae is the current holder of the Loan Documents.

19.     NWJ Indy defaulted on the Note by failing to pay the monthly installments due under the Note.

20.     As a result of the defaults, the loan has been accelerated and Fannie Mae has instituted an action to foreclose the Mortgage.

**B.** **The Title Insurance Policy**

21.    On April 23, 2008, Chicago Title issued Title Insurance Policy No. 00406559 naming Arbor and Fannie Mae as insureds (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit E**.

22.    The Policy insures Fannie Mae's Mortgage on the Real Estate, valued and insured at $7,280,000.00, against any lien including any lien which would have priority over the Mortgage.

23.    The Policy did not list the Mechanic's Lien as an exception to its coverage.

24.    The Mechanic's Lien has been determined by the Foreclosure Action to have priority over the Mortgage. (*See* Paras. 28 and 39 below and Exhibit F.)

25.    The Policy requires Chicago Title "at its own cost and without unreasonable delay" to provide for the defense of Fannie Mae in litigation in which any third party asserts a claim covered by the Policy adverse to Fannie Mae.

26.    The Policy further provides that should Fannie Mae incur any costs, attorneys' fees and expenses in defense of a third party's claim against the Mortgage on the Real Estate, that Chicago Title will reimburse the same.

27.    Under the Policy's terms, Chicago Title shall indemnify Fannie Mae for any loss, plus a 10% increase, should it unsuccessfully defend Fannie Mae against a third party's claim against the Mortgage that was not excluded from the Policy.

**C.** **Adverse Settlement Agreement and Judgment**

28.    On September 17, 2008, Wilson Group filed a Complaint for Foreclosure of Mechanic's Lien against NWJ Indy, only, asserting its lien on the Real Estate in the Johnson County (Indiana) Superior Court, Cause No. 41D01-0809-PL-00067 (the "Foreclosure Action").

Wilson Group amended its Complaint on October 21, 2008 adding Fannie Mae and Arbor as Defendants.

29.     On April 9, 2010, Wilson Group filed a Motion for Partial Summary Judgment to determine the priority of the Mechanic's Lien over the Mortgage.

30.     On June 29, 2010, the Court in the Foreclosure Action entered an Order granting Wilson Group's Motion for Partial Summary Judgment and finding that Wilson Group's Mechanic's Lien has priority over Fannie Mae's Mortgage.  A true and correct copy of the June 29, 2010, Order is attached hereto as **Exhibit F**.

31.     On June 15, 2010, Wilson Group and NWJ Indy filed a Joint Report to the Court indicating that the issues relating to the amount due and owing to Wilson Group from NWJ Indy on the Real Estate would be determined in a lawsuit pending in the United States District Court for the Eastern District of Pennsylvania, Docket 2:08-cv-1854 ("Pennsylvania Lawsuit").

32.     The Pennsylvania Lawsuit involved four separate liens held by Wilson Group against multiple properties owned by NWJ Indy, including the Real Estate.

33.     On September 20, 2010, a Special Master, appointed by the District Court, entered Findings of Fact and Conclusions of Law.  A true and correct copy of the Findings of Fact and Conclusions of Law are attached hereto as **Exhibit G**.  The Special Master found that the balance due on the Mechanic's Lien relating to the Real Estate was $409,682.00.

34.     On or about December 22, 2010, Wilson Group and NWJ Indy entered into a Settlement Agreement and an Agreed Judgment and Decree of Foreclosure, wherein NWJ Indy agreed that it had failed to pay Wilson Group $515,419.00 and agreed to an *in rem* judgment in favor of Wilson Group for the same.  True and correct copies of the Settlement Agreement and the Agreed Judgment and Decree of Foreclosure are attached as **Exhibit H** and **I**, respectively.

35. NWJ Indy was the party to whom Chicago Title purportedly tendered Fannie Mae's defense.

**D.     Requests to Chicago Title to Defend and Indemnify Fannie Mae**

36. Fannie Mae provided timely notice to Chicago Title of the Mechanic's Lien and Wilson Group's adverse claims.

37. Fannie Mae has also made repeated requests to Chicago Title for defense and indemnification against the Mechanic's Lien, which have gone unanswered and ignored.

38. On January 26, 2009, Arbor, as attorney-in-fact for Fannie Mae, notified Chicago Title, by letter, of Wilson Group's claims, which were adverse to Fannie Mae's Mortgage. A true and correct copy of the January 26, 2009, letter is attached hereto as **Exhibit J.**

39. On February 9, 2009, Chicago Title acknowledged the claim. A true and correct copy of the February 9, 2009, acknowledgment is attached hereto as **Exhibit K.**

40. On February 16, 2010, Chicago Title, by letter to Fannie Mae, tendered defense of the Foreclosure Action to NWJ Indy and its counsel, Daniel Strick ("Strick"). A true and correct copy of the February 16, 2010, letter is attached hereto as **Exhibit L.**

41. On April 12, 2010, Fannie Mae sent a letter to Chicago Title and Strick seeking a detailed outline of how they would be responding to the Motion for Partial Summary Judgment filed by Wilson Group. A true and correct copy of the April 12, 2010, letter is attached hereto as **Exhibit M.** Chicago Title failed to respond to Fannie Mae's April 12, 2010, letter.

42. On April 26, 2010, Fannie Mae again sent a letter to Chicago Title and Strick seeking a detailed outline of how they would be responding to the Motion for Partial Summary Judgment filed by Wilson Group. A true and correct copy of the April 26, 2010, letter is

attached hereto as **Exhibit N**. Chicago Title failed to respond to Fannie Mae's April 26, 2010, letter.

43.     On April 28, 2010, Strick contacted counsel for Fannie Mae and stated that he had never been engaged to represent Fannie Mae in the Foreclosure Action. By e-mail, dated April 28, 2010, Fannie Mae contacted Chicago Title seeking an explanation of Strick's lack of representation. A true and correct copy of the April 28, 2010, e-mail is attached hereto as **Exhibit O**. Chicago Title failed to respond to Fannie Mae's April 28, 2010, e-mail.

44.     On June 2, 2010, Fannie Mae sent a letter to Chicago Title again stating that Strick was not representing it and again requesting that Chicago Title retain counsel, other than Strick, to undertake Fannie Mae's defense promptly, before its interests were further prejudiced. A true and correct copy of the June 2, 2010, letter is attached hereto as **Exhibit P**. Chicago Title failed to respond to Fannie Mae's June 2, 2010, letter. To preserve its rights, Fannie Mae filed a Motion for Enlargement of Time to respond to Wilson Group's Motion for Partial Summary Judgment.

45.     For the second time, Chicago Title attempted to provide a defense for Fannie Mae of the claims asserted by Wilson Group by tendering a defense to Strick, and again Strick did not respond on behalf of Fannie Mae to the Motion for Partial Summary Judgment filed by Wilson Group.

46.     On July 3, 2010, Fannie Mae, by e-mail, again requested that Chicago Title take action to defend the interests of Fannie Mae in the Foreclosure Action, including any appeal of the Court's grant of Wilson Group's Motion for Partial Summary Judgment. A true and correct copy of the July 3, 2010, e-mail is attached hereto as **Exhibit Q**. Chicago Title failed to respond to Fannie Mae's July 3, 2010, e-mail.

47.     On November 3, 2010, Fannie Mae provided Chicago Title with information regarding the Special Master's Findings of Fact and Conclusions of Law from the Pennsylvania Lawsuit. A true and correct copy of the November 3, 2010, letter is attached hereto as **Exhibit R**. Fannie Mae received no response from Chicago Title regarding its November 3, 2010, letter. Fannie Mae again requested that Chicago Title defend its interests in this matter and resolve the Mechanic's Lien.

48.     On January 13, 2011, Fannie Mae sent a letter to Chicago Title enclosing a copy of the Agreed Judgment and Decree of Foreclosure, which had been submitted by Wilson Group and NWJ Indy to the Court in the Foreclosure Action. A true and correct copy of the January 13, 2011 letter is attached hereto as **Exhibit S**. Fannie Mae again requested that Chicago Title defend its interests in this matter and resolve the Mechanic's Lien, and advised Chicago Title that Fannie Mae intended to institute a foreclosure action.

49.     On January 24, 2011, Chicago Title responded by e-mail wherein it merely forwarded to Fannie Mae a copy of the Settlement Agreement between Wilson Group and NWJ Indy. A true and correct copy of the January 24, 2011, e-mail is attached hereto as **Exhibit T**.

50.     On February 28, 2011, Fannie Mae sent a letter to Chicago Title notifying it that Fannie Mae had commenced the foreclosure of the Mortgage, which will require the payment of Wilson Group's Mechanic's Lien. A true and correct copy of the February 28, 2011, letter is attached hereto as **Exhibit U**. Chicago Title failed to respond to Fannie Mae's February 28, 2011, letter. Fannie Mae again requested that Chicago Title take immediate action to protect the interests in the Mortgage against the Mechanic's Lien as provided under the Policy.

## COUNT I: BREACH OF CONTRACT

51.     Fannie Mae incorporates paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     Fannie Mae provided proper notice of Wilson Group's claims and has complied fully with the terms of the Policy.

53.     Chicago Title had a duty to defend and indemnify Fannie Mae against the claims asserted by Wilson Group, which are adverse to Fannie Mae's Mortgage.

54.     Chicago Title insured against the Mechanic's Lien, but has failed to resolve Fannie Mae's Title or reimburse Fannie Mae's losses.

55.     Chicago Title has failed to provide Fannie Mae any defense against the claims asserted by Wilson Group, which are adverse to Fannie Mae's Mortgage.

56.     Chicago Title attempted to tender Fannie Mae's defense to NWJ Indy who, rather than defend Fannie Mae, agreed to a judgment which was adverse to Fannie Mae's interests in the Real Estate.

57.     Chicago Title's failed attempt to tender Fannie Mae's defense to counsel for NWJ Indy, and refusal to take further action violated its obligations under the Policy.

58.     Due to Chicago Title's breaches, Fannie Mae has incurred costs, attorneys' fees and expenses in defense of the claims asserted by Wilson Group, which are adverse to Fannie Mae's Mortgage.

59.     Chicago Title has failed to indemnify Fannie Mae for the value of the Title subject to Wilson Group and NWJ Indy's Settlement Agreement and Agreed Judgment and Decree of Foreclosure, in the amount of $515,419.00, plus a 10% increase, within 30 days of said judgment.

60.    Chicago Title has knowingly breached and continues to breach the Policy.

61.    Fannie Mae has been and continues to be damaged as a result of Chicago Title's breach.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment for Fannie Mae and against Chicago Title, (a) awarding damages to Fannie Mae and against Chicago Title for breach of the Policy in an amount to be determined by the evidence, (b) awarding Fannie Mae its reasonable attorney's fees and expenses in defending against the Mechanic's Lien, (c) granting Fannie Mae an award of prejudgment interest, (d) granting Fannie Mae its costs in this action, and (e) granting Fannie Mae all other just and reasonable relief.

## COUNT II: BREACH OF DUTY TO DEAL IN GOOD FAITH

62.    Fannie Mae incorporates paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.    On January 26, 2009, Fannie Mae notified Chicago Title of Wilson Group's claims, which are adverse to Fannie Mae's Mortgage.

64.    On February 9, 2009, Chicago Title acknowledged Fannie Mae's request to provide a defense and request for indemnity under the Policy.

65.    Chicago Title represented to Fannie Mae that counsel for NWJ Indy would represent and defend Fannie Mae in the Foreclosure Action.

66.    NWJ Indy's counsel stated that he had never been engaged to represent Fannie Mae in the Foreclosure Action.

67.    Chicago Title had a duty to provide for the defense of Fannie Mae, at Chicago Title's own cost and without unreasonable delay.

68.    Wilson Group's claims were adverse to Fannie Mae's Mortgage interest.

69. Despite numerous and continuous requests from Fannie Mae, Chicago Title failed to defend Fannie Mae against Wilson Group's claims.

70. Chicago Title has failed to indemnify Fannie Mae for the value of the Title subject to Wilson Group and NWJ Indy's Settlement Agreement and Agreed Judgment and Decree of Foreclosure, in the amount of $515,419.00, plus a 10% increase, within 30 days of said judgment, despite numerous and continuous requests from Fannie Mae.

71. Chicago Title failed to act in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

72. Chicago Title has deceived Fannie Mae by its claim to be defending, protecting and indemnifying Fannie Mae against Wilson Group's claims, which are adverse to Fannie Mae's Mortgage.

73. Chicago Title's actions and omissions breached its duty to deal with Fannie Mae in good faith.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment for Fannie Mae and against Chicago Title, (a) awarding treble damages to Fannie Mae and against Chicago Title for breach of the Policy in an amount to be determined by the evidence, (b) awarding Fannie Mae its reasonable attorney's fees and expenses in defending against the Mechanic's Lien, (c) granting Fannie Mae its costs in this action, (d) granting Fannie Mae its attorney's fees and expenses incurred in bringing this action, and (e) granting Fannie Mae all other just and reasonable relief.

Respectfully submitted,

_____
James E. Carlberg, Attorney No. 3117-49
Steven M. Badger, Attorney No. 16354-49
Curtis T. Jones, Attorney No. 24967-64

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000
(317) 684-5173 (FAX)

Attorneys for Plaintiff, Federal National Mortgage Association, a/k/a Fannie Mae

1893996_3/13006-10