UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY,<br>    *Third-Party Plaintiff*, | )<br>)<br>) |
| *vs.* | )   1:11-cv-768-JMS-DKL<br>) |
| NWJ INVESTMENT FUND, IV, LLC, &<br>NICKOLAS W. JEKOGIAN, III,<br>    *Third-Party Defendants.* | )<br>)<br>) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Presently pending before the Court is Third-Party Plaintiff Chicago Title Insurance Company's ("Chicago Title") Motion for Summary Judgment against third-party defendant Nickolas W. Jekogian, III. [Dkt. 74.] For the following reasons, the Court cannot ascertain whether it has diversity jurisdiction over this matter.

Subject matter jurisdiction cannot be waived and "always comes ahead of the merits." *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). If this Court does not have subject matter jurisdiction over the matter, any judgment would be invalid. *See Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (dismissing case for lack of jurisdiction after three years of litigation because diversity did not exist between plaintiff and defendant, despite the fact that the parties did not raise the issue to the district court or on appeal). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

This action began when Federal National Mortgage Association ("Fannie Mae") sued Chicago Title over a title insurance policy (the "Policy") insuring a mortgage on real estate lo-

cated in Johnson County (the "Property"). [Dkt. 1.] The Court issued an order at that time questioning Fannie Mae's reliance on diversity of citizenship as the basis for the Court's jurisdiction. [Dkt. 10.] Fannie Mae responded to that order, [dkt. 11], and the Court concluded that Fannie Mae's representations were sufficient to establish diversity jurisdiction at that time, [dkt. 12].

Four months later, after seeking leave from the Court, Chicago Title filed a Third-Party Complaint against Nickolas W. Jekogian, III, and NWJ Investment Fund IV, LLC ("NWJ"). [Dkt. 28.] Chicago Title asserted that the Court had diversity jurisdiction over its third-party claims. [*Id.* at 2-3.] Although Chicago Title improperly alleged a basis for the Court to exercise diversity jurisdiction, the Court had supplemental jurisdiction over Chicago Title's third-party claims at that time, given that the Chicago Title's claims were so related to Fannie Mae's claims that they formed part of the same case or controversy. 28 U.S.C. § 1367(a).

Fannie Mae and Chicago Title ultimately stipulated to the dismissal of the underlying claims, [dkt. 35], leaving Chicago Title's action against Mr. Jekogian and NWJ as the sole remaining claims. The Court may still have diversity jurisdiction over Chicago Title's third-party action, but it cannot confirm that from the filings on the docket.

Although the parties agree that more than $75,000, exclusive of interest and costs, is at issue, [dkts. 28 at 3 ¶ 9; 50 at 4 ¶ 9; 50 at 4 ¶ 9], they do not agree on the citizenship of the remaining parties.

First, Chicago Title alleges that it is a Nebraska corporation with its principle place of business in Illinois. [Dkt. 28 at 2 ¶5.] Both NWJ and Mr. Jekogian respond that they are "without knowledge or information sufficient to form a belief as to the truth" of that allegation and, therefore, deny it. [Dkts. 50 at 3 ¶5; 60 at 3 ¶ 5.] As an initial matter, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter

jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).  Moreover, NWJ and Mr. Jekogian's answers citing their lack of knowledge ultimately deny the jurisdictional allegation regarding Chicago Title's citizenship. [Dkts. 50 at 3 ¶5; 60 at 3 ¶ 5.]  Therefore, the Court cannot ascertain whether all parties agree that Chicago Title is a citizen of both Illinois and Nebraska.

Second, Chicago Title alleges that NWJ is a Delaware limited liability company with its registered office in New York. [Dkt. 28 at 3 ¶ 6.]  This does not properly plead NWJ's citizenship because the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner."  *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  Additionally, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Id.* at 543.  The parties should keep in mind that asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient.  *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").  Instead, the joint jurisdictional statement should list each of NWJ's partners or members and his/her/its citizenship, drilling down through however many layers of partners or members there may be.

Third, Chicago Title asserts that Mr. Jekogian is a citizen of Pennsylvania. [Dkt. 28 at 3 ¶ 8.] Mr. Jekogian denies that allegation in his answer. [Dkt. 60 at 3 ¶ 8 ("Jekogian denies the allegation set forth in paragraph 8.").]

For these reasons, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement by **April 10, 2013**, detailing the citizenship of Chicago Title, Mr. Jekogian, and NWJ. If the parties cannot agree on the contents of a joint statement, competing statements must be filed by that date.

03/25/2013

*Hon. Jane Magnus-Stinson, Judge*
*United States District Court*
*Southern District of Indiana*

**Distribution via ECF only:**

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
jbuddenbaum@parrlaw.com

James E. Carlberg
BOSE MCKINNEY & EVANS, LLP
jcarlberg@boselaw.com

Shawna Meyer Eikenberry
BAKER & DANIELS - Indianapolis
shawna.eikenberry@FaegreBD.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
tmontgomery@parrlaw.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@FaegreBD.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP

- 5 -

mschultz@parrlaw.com

Charles T. Switzer
FAEGRE BAKER DANIELS LLP - Indianapolis
charles.switzer@FaegreBD.com

Mark A. Voigtmann
BAKER & DANIELS - Indianapolis
mark.voigtmann@FaegreBD.com